331

Clifford G. King
vs.
Rhode Island Company

No. 42674

DECISION

April 29, ·1919

BROWN, J. The accident occurred January 31, 1918, at about 6 o'clock in the evening. The plaintiff was passing through Hope Street in a northerly directon in his automobile, traveling about 7 miles an hour, on the right hand side of the street about 5 feet from the easterly curb. He desired to turn easterly into Angell Street. Before doing so he looked in all directions for vehicles. Finding everything clear he proceeded to turn.

The plaintiff testified as follows:

Q. How far would you say your automobile had gone easterly on Angell Street when you first saw the car?

A. Perhaps 5 or 10 feet, enough so that I could clear the curbing and could see down the street.

"Angell Street is what we call a narrow street and one must swing pretty well to the left side of Angell Street as you go east to make the turn."

The wheel base of plaintiff's machine is 135 inches. The distance between the south curb on Angell Street and the south rail is 10 6-10 feet. The plaintiff could not turn from Hope easterly into Angell and get on the right hand side of Angell without going on the track. As he got on the track, he saw the trolley car.

At that time the car was opposite the F. W. Carpenter estate, about 179 feet distant from the easterly curb of Hope, approaching at a speed, as the plaintiff estimated, of at least 25 miles an hour. The plaintiff's automobile was moving about 5 or 6 miles an hour. He had ample opportunity to move off the track to a place of safety before the arrival of the car. Instead of doing so, he continued to turn, moving nearly head-on in the direction of the rapidly approaching car, in an attempt to cross the track and get on the right hand side of Angell Street before the car should arrive. In making this turn he described a curve of 55 feet before the collision.

The atmosprere was humid and misty and it was beginning to freeze. The highway was "skiddy and dangerous".

The Court is forced to the conclusion that the plaintiff did not exercise that degree of care for his safety that a prudent person might be expected to exercise in the circumstances. His explanation that he was trying to observe the traffic rule, and avoid automobiles which he could see approaching from the east behind the trolley, will not justify him in driving at 6 or 7 miles an hour, nearly head-on to an electric car approaching froms o short a distance, slightly down grade, at 25 miles an hour, at which speed he believed the

car to be moving, in the condition of the weather and the highway as described by himself.

On the plaintiff's machine, headlights, a rear light, and a small search light, very high, were all lighted. The plaintiff's automobile was pushed by the car from the point of impact at about opposite the statute on the Lippitt estate, to the middle of Hope Street—some 60 to 75 feet. The motorman testified: "I was gong—I couldn't say just how fast—but the way I figure it—between 10 and 12 miles. The rules and regulations of the company say that at any street that crosses the track you have got to have your car under control."

The ordinance of the City of Providence limits the rate of speed of a trolley car at this point to 9 miles an hour.

The plaintiff testified that the speed of the car was not checked before the collision.

The jury were warranted in finding that the speed of the car was far in excess of that limited by the ordinances, and that if the motorman had observed the ordinance and the rules of the company, he would have discovered the peril in which the plaintiff had imprudently placed himself in time to check the speed and avert the accident, and that his failure to do so was the proximate cause of the injury.

The damages of $3740 awarded by the jury do not appear to be excessive.

A new trial is denied.

For plaintiff: Edward C. Stiness, Daniel H. Morrissey.

For defendant: Clifford Whipple, Alonzo R. Williams.